No. 638
HANKE BROS. CO. v. SILVER, INC.
Ohio Appeals, 1st Dist., Hamilton County
No. 2244    Nov. 26, 1923

677. JUDGMENT—Where default judgment was rendered the day after defendant filed a statement of defense, the case regularly stood for trial, and proceedings to vacate need not be commenced within the first three days of the succeeding term, as required by 11634 GC.

HAMILTON, J.            Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Cincinnati Municipal Court, wherein Samuel Silver, Inc., was plaintiff and Hanke Bros. was defendant. Plaintiff filed a bill of particulars, claiming money, on May 21, 1920. Summons was served upon defendant company, which filed a statement of defense on June 1. On June 2, the Municipal Court entered a default judgment in the amount sued for. On July 30, thirty days after a new term of court had began, defendant filed a motion to set aside the default judgment. On Aug. 3, the court set it aside

The plaintiff thereupon took the case to the Common Pleas, which reversed the decision of the Municipal Court on the ground that a motion to set aside a default judgment should be filed within the rst three days of the succeeding term. The Hanke Co. prosecuted error to the Court of Appeals, which held:

By 11634 GC. the only circumstance under which a motion for a new trial must be filed within the first three days of the succeeding term is because the judgment was rendered before the action regularly stood for trial. Default for a failure to plead cannot be entered where the pleading, though out of time, is filed at the time the default is sought to be entered without first having such answer removed from the record. 58 OS. 202.

This case was at issue on the pleadings and regularly stood for trial and the requirement that a motion be filed within the first three days of the term succeeding did not apply. Judgment of Common Pleas reversed.

Attorneys—Bettenger, Schmitt & Kreis, for Hanke Co.; Burch & Peters, for Silver, Inc.; all of Cincinnati.